LAYNE SAMPSON SWOPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swope v. Commissioner
Docket No. 15633-90
United States Tax Court
T.C. Memo 1992-536; 1992 Tax Ct. Memo LEXIS 561; 64 T.C.M. (CCH) 716; September 14, 1992, Filed *561 For Petitioner: Kenneth P. Fehl. For Respondent: William D. Reese. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b) (3) and Rules 180, 181, and 182. The Court filed its Memorandum Opinion, , on June 1, 1992. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure. This matter is before the Court on petitioner's motion for litigation costs filed on July 6, 1992, pursuant to Rule 231. The controversy in this case concerns the years 1982 and 1983, for which respondent determined (1) that petitioner had failed to file her Federal income tax return for tax year 1982 and (2) that petitioner was negligent in failing to report her half of her spouse's community income for tax years 1982 and 1983. The parties agree that petitioner substantially prevailed on these issues. During the years in question, petitioner was separated from her husband, David E. Swope. Petitioner and her husband employed the same attorney, Kenneth P. Fehl, as their representative. David E. Swope was a tax *562 protester who failed to file Federal income tax returns for the years 1980 through 1983. For 1982 and 1983, petitioner's husband prepared her returns, on which she elected the status of married filing separately. Pursuant to section 7430(a), a prevailing party in certain civil tax proceedings may be awarded a judgment for reasonable litigation costs. To be a "prevailing party" under section 7430(c) (4), the party seeking the award must: (1) Establish that the position of the United States in the proceedings was not substantially justified, sec. 7430(c)(4)(A)(i); (2) substantially prevail in the controversy, sec. 7430(c)(4)(A)(ii); and (3) establish that he or she has a net worth which does not exceed $ 2 million at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii). A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available with the Internal Revenue Service. Sec. 7430(b) (1). No award for reasonable litigation costs may be made with respect to any portion of the proceeding during which the prevailing party has unreasonably protracted such proceeding. *563 Sec. 7430(b) (4). All of these requirements must be met. ; , affd. . Respondent agrees that petitioner has exhausted her administrative remedies, has not unreasonably protracted the proceedings, and has met the net worth requirements. The remaining questions are whether petitioner (1) has established that the position of the United States was not substantially justified, and (2) has claimed a reasonable amount of litigation expenses. Petitioner bears the burden of proof on both issues. Rule 232(e). The criterion for whether the position of the United States was substantially justified is that of reasonableness, i.e., whether the position had "a reasonable basis both in law and in fact." . The determination of reasonableness is made on the basis of all the facts and circumstances, and the fact that the Government eventually loses the case should not be determinative. , vacated *564 and remanded on another issue . We think that respondent's position was reasonable in this case on both issues. The facts of the case were capable of more than one interpretation, and the decision was reached in large part on the basis of petitioner's testimony at trial. Compare , affd. . If petitioner had maintained adequate records of the filing of her income tax return for 1982, there would have been no element of ambiguity on the question of whether she had filed a return, and the delinquency issue would never have arisen. We were also persuaded by petitioner's testimony that she was unsophisticated in tax law and, at the time she filed her 1982 and 1983 returns, made an honest mistake in ignoring the tax consequences of residence in a community property State. This was, again, a defense which is not available to all taxpayers. The fact that petitioner prevailed does not mean that respondent's position was without basis in law and fact. Since we find that the Government's position in this case was reasonable, we hold that *565 petitioner is not entitled to an award of litigation costs. Consequently, we do not need to reach the issue of the reasonableness of the claimed litigation costs. To reflect the foregoing, An appropriate order will be issued.